UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOHN W.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00466-JPH-MJD |
| | ) | |
| MARTIN J. O'MALLEY Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Claimant John W. filed this action requesting judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying the application for auxiliary child's insurance benefits for his grandchild. On September 3, 2024, Judge James Patrick Hanlon designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 29.] For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that the Court **AFFIRM** the decision of the Commissioner.

**I. BACKGROUND**

In October 2017, Claimant John W. filed a Complaint appealing the Commissioner's denial of auxiliary child's insurance benefits to his dependent grandchild. [Dkt. 1.] His

---

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

application was not based on the child's own disability; rather, Claimant receives disability benefits, and he applied for auxiliary benefits for his grandchild based on the fact that she was his dependent. *See* [Dkt. 20-2 at 32.] In February 2018, the Court granted the Commissioner's motion to remand this case pursuant to sentence six of 42 U.S.C. § 405(g) because the Commissioner could not locate Claimant's claim file and therefore could not file an administrative record to be reviewed. [Dkt. 14, 15.]

Over six years later, on May 16, 2024, the Commissioner filed an administrative record. [Dkt. 20.] That record indicates that a hearing was held before ALJ Gladys Whitfield on June 25, 2019, and shortly thereafter ALJ Whitfield issued a decision denying Claimant's application for auxiliary child's insurance benefits for his grandchild. [Dkt. 20-2 at 4.] The denial was based on the ALJ's finding that, as a matter of law, Claimant's relationship to the child at the time of the hearing—custodial parent—was not sufficient under the law to entitle the child to auxiliary child's insurance benefits based on Claimant's receipt of disability benefits.

## II. DISCUSSION

The only issue properly before the Court is whether ALJ Whitfield's determination is legally correct, as there are no relevant factual disputes. Claimant, who is proceeding *pro se* in this matter, as he did before the ALJ, does not make any arguments in his brief relevant to that issue. Accordingly, as the Commissioner points out, Claimant has forfeited any such arguments. However, as explained below, even if no forfeiture had occurred, Claimant's appeal would not be successful, because the ALJ did not commit any error in deciding the issue before her.

A child's eligibility for auxiliary insurance benefits is governed by 42 U.S.C. § 402(d), which provides that "[e]very child (as defined in section 416(e) of this title) of an individual entitled to old-age or disability insurance benefits" is entitled to benefits if certain conditions are

satisfied.  There is no question that Claimant's grandchild satisfied the requisite conditions; the

only issue is whether the grandchild was a "child" as defined by the statute.  That statute defines

"child" as follow:

> The term "child" means (1) the child or legally adopted child of an individual, (2) a stepchild who has been such stepchild for not less than one year immediately preceding the day on which application for child's insurance benefits is filed . . . and (3) a person who is the grandchild or stepgrandchild of an individual or his spouse, but only if (A) there was no natural or adoptive parent (other than such a parent who was under a disability, as defined in section 423(d) of this title) of such person living at the time (i) such individual became entitled to old-age insurance benefits or disability insurance benefits or died, or (ii) if such individual had a period of disability which continued until such individual became entitled to old-age insurance benefits or disability insurance benefits, or died, at the time such period of disability began, or (B) such person was legally adopted after the death of such individual by such individual's surviving spouse in an adoption that was decreed by a court of competent jurisdiction within the United States and such person's natural or adopting parent or stepparent was not living in such individual's household and making regular contributions toward such person's support at the time such individual died.

42 U.S.C. § 416(e).  There is no dispute that Claimant's grandchild is not Claimant's child[2] or

stepchild.  There is also no dispute that Claimant's grandchild was not, at the time of the hearing,

Claimant's legally adopted child.  *See* [Dkt. 20-2 at 13] (Claimant's hearing testimony confirming

that the grandchild had not yet been adopted, although the adoption process had been started).

Therefore, Claimant's grandchild was not Claimant's "child" under subsection (1) or (2).

---

[2] As the Commissioner points out in her brief, pursuant to 42 U.S.C. § 416(h)(2)(A), "[i]n determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Commissioner of Social Security shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application." Here, that is Indiana.  While some states recognize an "equitable adoption" under certain circumstances for purposes of the devolution of intestate personal property, even if a final adoption decree had not been entered, Indiana is not such a state.  *Seger v. Seger*, 780 N.E.2d 855, 858 (Ind. Ct. App. 2002) ("[T]here is no equitable adoption in this state.") (citing *Lindsey v. Wilcox,* 479 N.E.2d 1330, 1333 (Ind. Ct. App. 1985), *trans. denied*).  Pursuant to Ind. Code § 31-19-11-1(a), an adoption is complete when a court "grant[s] the petition for adoption and enter[s] and adoption decree."

Under subsection (3), Claimant's grandchild would have satisfied the definition of "child" if the grandchild had no living or non-disabled natural or adoptive parent. However, there is no dispute that Claimant's grandchild's natural parents were alive at the time of the hearing and Claimant did not claim that they were disabled. *See* [Dkt. 20-2 at 13] (Claimant's hearing testimony confirming that the grandchild's natural parents were alive); [Dkt. 20-2 at 15] (Claimant's hearing testimony confirming that he had no knowledge of grandchild's father being disabled and stating that was "not sure" if grandchild's mother was disabled).

The ALJ correctly determined that Claimant's grandchild did not satisfy the definition of "child" set forth in 42 U.S.C. § 416(e) and therefore, pursuant to 42 U.S.C. § 402(d), the grandchild was not entitled to auxiliary child insurance benefits based on Claimant's receipt of disability benefits. Accordingly, the decision of the Commissioner should be affirmed.

### III.  CLAIMANT'S UNRELATED ARGUMENTS

After the ALJ's decision, Claimant's petition to adopt his grandchild was granted. Claimant then filed a new application for benefits for his grandchild, which was granted. In the brief he filed in this Court, [Dkt. 22], Claimant raises arguments that relate to events that began starting in January 2021, after ALJ Whitfield's decision was rendered. These events relate to a finding that Claimant—and therefore his grandchild—was no longer entitled to disability benefits because he had performed substantial gainful activity and that he and his grandchild were required to repay some of the benefits they had received. *See* [Dkt. 28-1].[3]  That issue is not properly before the Court, because Claimant has not exhausted his administrative remedies with regard to that issue. Once the administrative process has concluded, if Claimant is not

---

[3] The Court appreciates the effort taken by the Commissioner to explain the nature of these proceedings.

satisfied with the result and wishes to appeal, he will need to file a new case in this court in order to do so. This case only relates to the ALJ's determination that Claimant's grandchild was not Claimant's "child" at the time of the hearing before ALJ Whitfield and therefore the grandchild was not entitled to auxiliary child insurance benefits at that time.

## IV. Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  2 DEC 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution by U.S. Mail:

John W. (full name to be used on envelope)
P.O. Box 2072
2405 South 6th Street
Terre Haute, IN 47802-0072

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.